

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GORDON G. MILLER, III,<br><br>*Defendant.* | Case No. 3:20CR109<br><br>18 U.S.C. § 1343<br>Wire Fraud<br>(Count 1)<br><br>18 U.S.C. § 1957<br>Engaging in an Unlawful<br>Monetary Transaction<br>(Count 2)<br><br>18 U.S.C. § 2252A(a)(2)(A)<br>Receipt of Child Pornography<br>(Count 3)<br><br>Forfeiture Allegation |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### GENERAL ALLEGATIONS

At all times material to this information, unless otherwise stated:

1. Defendant GORDON G. MILLER, III was the sole owner and operator of G3 Systems, Inc., an interface design and software engineering company, and G3i Ventures, LLC, purportedly a venture capital company, both based in Glen Allen, Virginia.

2. MILLER was also associated with Company 1, an e-learning company based in Iowa, until in or about 2019.

3. In or about 2017, MILLER, through G3 Systems and Company 1, received final payments for work performed on several multi-year federal contracts. Around this time, MILLER began to engage in overlapping schemes to defraud to prevent his companies from going out of business and to maintain his lifestyle in the absence of legitimate income.

4.   In or about 2018, MILLER was also involved in securing a subcontract working for Company 2, a Montreal-based prime contractor for the United States federal government, which was bidding on a one-year preliminary contract for the United States Army to work on the Army Training Information System (ATIS). Initially, MILLER participated in securing this subcontract through Company 1.

## COUNT ONE
(Wire Fraud)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

5.   The allegations contained in paragraphs 1 through 4 of this information are realleged and incorporated as though set forth in full here.

6.   Between in or about 2017 through in or about September 2020, in the Eastern District of Virginia and elsewhere, the defendant, GORDON G. MILLER, III, devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme did knowingly transmit and caused to be transmitted by means of wire communication in interstate commerce, certain writings, signs, signals, pictures, and sounds, to wit, on or about June 20, 2017, the defendant caused a wire communication from a location outside the Commonwealth of Virginia to transfer $100,000 from N.P. to a Union Bank & Trust account, controlled by the defendant, and located within the Eastern District of Virginia.

(In violation of Title 18, United States Code, Section 1343.)

## COUNT TWO
(Engaging in an Unlawful Monetary Transaction)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

7. The allegations contained in paragraphs 1 through 4 of this information are realleged and incorporated as though set forth in full here.

8. On or about May 31, 2019, in the Eastern District of Virginia, the defendant, GORDON G. MILLER, III, knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the defendant exchanged a check made payable to G3 Systems, Inc. in the amount of $49,008.96 for U.S. currency in the amount of $47,292.66, such property having been derived from a specified unlawful activity, to wit: mail fraud, in violation of Title 18, United States Code, Section 1341.

(In violation of Title 18, United States Code, Sections 1957.)

## **COUNT THREE**
(Receipt of Child Pornography)

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

9. Between in or about August 9, 2017, and on or about September 10, 2020, in the Eastern District of Virginia, the defendant, GORDON G. MILLER, III, unlawfully and knowingly received and attempted to receive child pornography using any means or facility of interstate or foreign commerce or that had been mailed, or that had been shipped or transported in or affecting interstate or foreign commerce by an means, including by computer, to wit: still image and video files depicting minor and prepubescent children engaging in sexually explicit conduct including but not limited to oral sex, sexual intercourse, bestiality, masochistic abuse, and the lascivious exhibition of the genitals and pubic area.

(In violation of Title 18, United States Code, Section 2252A(a)(2)(A) and 2256(8)(A).)

4

## **FORFEITURE ALLEGATION**

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant, upon conviction of Count One of this Information, shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

The defendant is further advised that if convicted of Count Two of this Information, he shall forfeit to the United States any property, real or personal, involved in the offense, or any property traceable to offense, pursuant to 18 U.S.C. § 982(a)(1).

The property subject to forfeiture includes but is not limited to the following:

A sum of money of at least $1.3 million, which represents the total proceeds of the above-described schemes, which sum shall be reduced to a money judgment against the defendant in favor of the United States.

If the property subject to forfeiture meets the requirements of 21 U.S.C. § 853(p), the government will seek an order forfeiting substitute assets.

Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the defendant, upon conviction of Count Three of this Information shall forfeit to the United States his interest in any visual depiction produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 *et seq.*, and any property, real or personal, used or intended to be used to commit or promote the commission of such offense, including, but not limited to the following:

    a Seagate external hard drive, serial number NA7EBDDQ;

    a Buffalo Link Station storage device, serial number 45822780302333;

    a Microsoft Surface Laptop, serial number 028388691757;

    a Buffalo external hard drive, serial number 8003934100132;

    a Seagate 1 TB external hard drive, serial number NAOC7532;

a Apple MacBook Air, Model A1465, serial number CO2NPF23GO83;

a 16GB USB Drive, black and silver;

four 256 GB Sandisk USB drives with serial numbers 4C5300012010201112414, 4C5300011410201112430,4C530001101213108270, and 4C530001101213112122;

a Seagate Portable Drive 2TB, serial number NAA5L8DQ;

a Mac Mini, serial number C07K20RSDWYN;

a Sony Model PCG-481L, serial number 281326303202592;

a HP Touchsmart PC Laptop, serial number 3CF841H6V;

a HP Computer Tower, serial number3CR81303RF; and

a Dell Alienware Computer Tower (silver/black), serial number YJB1042943016708C.

(All in accordance with Title 18, United States Code, Sections 982(a)(1) and 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c) and Section 2253.)

RAJ PAREKH
ACTING UNITED STATES ATTORNEY

By: *(signature)*
Katherine Lee Martin
Kevin S. Elliker
Assistant United States Attorneys